IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2003-RP2,<br>    Plaintiff,<br><br>v.<br><br>ROBERT M. MIDDLETON AND REBECCA MIDDLETON, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF JEFFERSON CARL WARD, DECEASED,<br>    Defendants. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 7:15-cv-41 |

SUPPLEMENTAL COMPLAINT OF BANK OF NEW YORK MELLON TRUST
COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE

COMES NOW, the Bank of New York Mellon Trust Company, National Association fka

The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee

for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through

Certificates, Series 2003-RP2 ("BNYM" or Plaintiff"), and files this *Supplemental Complaint*

and shows:

## I.  PARTIES

1.      BNYM is the Plaintiff in this cause who is appearing through the undersigned

counsel.

2.      Defendant Rebecca Middleton as Independent Executrix of the Estate of Jefferson

Carl Ward is an obligor under a loan agreement and may be served through is counsel of record,

Wade Kricken, through ECF Notification.    Plaintiff's claims against Defendant Rebecca

---

Middleton as Independent Executrix of the Estate of Jefferson Carl Ward are set forth in its Original Complaint to which this is a supplement.

3.      Defendant Rebecca Middleton is the heir and sole beneficiary of decedent Jefferson Carl Ward's estate, a grantee of an interest in the Property at issue in this lawsuit, and a named obligor on a loan modification agreement encumbering the Property at issue in this suit. She may be served though her counsel of record, Wade Kricken, through ECF Notification. Plaintiff's claims against Defendant Rebecca Middleton as Independent Executrix of the Estate of Jefferson Carl Ward are set forth in its Original Complaint to which this is a supplement.

4.      Defendant Robert Middleton is named obligor on a loan modification agreement encumbering the Property at issue in this suit and may be served though her counsel of record, Wade Kricken, through ECF Notification.  Plaintiff's claims against Defendant Robert Middleton are set forth in its Original Complaint to which this is a supplement.

5.      Defendant City of Midland is an incorporated city and  judgment creditor of Jefferson Carl Ward.  It holds a lien on the property at issue in this suit pursuant to that certain Municipal Utility Lien recorded in the Real Property Records of Midland County, Texas at Instrument No. 18673 and that certain Abstract of Judgment recorded in the Real Property Records of Midland County, Texas at Instrument No. 2009-10910.  City of Midland may be served through the Midland City Secretary, Amy Turner, at 300 North Loraine Street, 3rd Floor, Midland, Texas 79702.  Summons is requested.

6.      Defendant County of Midland is a County in the State of Texas and a judgment creditor of Rebecca Ann Middleton.  It holds a lien on the property at issue in this suit pursuant to that certain Abstract of Judgment recorded in the Real Property Records of Midland County, Texas at Instrument No. 2009-10910.  County of Midland may be served through the County

Judge, Michael R. Bradford, at 500 North Loraine Street, Midland, Texas 79701. Summons is requested.

7.     Defendant State of Texas is a judgment creditor of Rebecca Ann Middleton and holds a lien on the property at issue in this suit pursuant to that certain State Tax Lien recorded in the Real Property Records of Midland County, Texas at Instrument No. 2007-24731 and that Abstract of Judgment recorded in the Real Property Records of Midland County, Texas at Instrument No. 2009-10910. The State of Texas may be served through the Texas Attorney General, Ken Paxton, at Office of the Attorney General, 300 W. 15th Street, Austin, Texas 78701. Summons is requested.

8.     Defendant A-1 Rapid Rooter Plumbing Services is a judgment creditor of Rebecca Ann Middleton and holds a lien on the property at issue in this suit pursuant to that certain judgment recorded in the Real Property Records of Midland County, Texas at Instrument No. 2017-4260. It may be served though its owner, Israel Leyva, at 2100 Todd Drive, Midland, Texas 79705, or such other place where he may be found. Summons is requested.

## II. DIVERSITY JURISDICTION AND VENUE

9.     This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

10.     Plaintiff is a national association and trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008). Bank of New York is a national banking association that is chartered and has its main office in California. Plaintiff is therefore a citizen of

California for diversity purposes. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that a national bank is a citizen of the state in which its main office is located).

11.     Defendants Robert M. Middleton And Rebecca Middleton, Individually and as Independent Executrix of the Estate of Jefferson Carl Ward, Deceased reside in and are citizens of the state of Texas.

12.     Defendants City of Midland and County of Midland are a municipality and a county in Texas and are, therefore, citizens of the State of Texas.  *See Pearl River Cty., Miss. v. Wyatt Lumber Co.*, 270 F. 26, 28 (5th Cir. 1921) (finding county and municipality are citizens of the state in which they are located).

13.     The State of Texas is not a citizen for purposes of diversity.  *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973).

14.     Defendant A-1 Rapid Rooter Plumbing Services is an unincorporated entity that is deemed to be a citizen of every state in which it has members.  A-1 Rapid Rooter Plumbing Services' sole member is Israel Leyva, who is an individual and citizen of the State of Texas.  *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

15.     In this suit, Plaintiff seeks to foreclose on real property.  The value of the Property exceeds $75,000.00 in the present case.  According to the Midland County Central Appraisal District, the Property's Assessed value is $174,530.00.  Furthermore, as of August 12, 2014 the payoff on the loan was $146,712.23.   Because both Plaintiff's lien interest and the Property are valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met.

16.     Venue is proper in the Western District of Texas, Midland-Odessa Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Midland County, Texas.

### III. FACTS

17.     On or about October 11, 2002, for value received, Decedent Jefferson Carl Ward executed that certain Texas Home Equity Note ("Note") in the original principal sum of $65,000.00 in favor of WMC Mortgage Corporation ("WMC") bearing interest at the rate of 9.875% per annum.

18.     The Note is secured by that certain Texas Home Equity Security Instrument ("Security Instrument") of even date therewith, filed for record in the Official Public Records of Midland County, Texas, creating a valid lien on improved real property in Midland County, Texas, being further described as follows:

> LOT ONE (1), BLOCK THREE (3), GERALDINE PARK ADDITION,
> AN ADDITION TO THE CITY OF MIDLAND, MIDLAND
> COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT
> THEREOF RECORDED IN CABINET B, PAGE 199 OF THE PLAT
> RECORDS OF MIDLAND COUNTY, TEXAS (the Property").

19.     The Note and Security Instrument were then transferred, assigned, and conveyed from WMC to JPMorgan Chase Bank as Trustee to BNYM.  BNYM is the current owner of the Note and beneficiary of the Deed of Trust.

20.     The Note was then modified by a Fixed Rate Loan Modification Agreement (the "Modification Agreement") on January 1, 2010.  Pursuant to the terms of the Modification agreement, Rebecca Middleton and Robert Middleton (the "Middletons") agreed to be jointly liable on a new principal balance of $90,667.00 at an interest rate of 4.75% per annum.  The Middletons further agreed to extend and carry forward the lien placed on the Property secured by the amount owed on the Note.

21.     Under the terms of the Modification Agreement, the Middletons were required to pay when due the principal and interest on the debt evidenced by the Modification Agreement, as well as any applicable charges and fees due under the Modification Agreement.     The

Modification Agreement further stated that, unless other wise specifically provided in the Modification Agreement, the Note and Security Instrument remain unchanged.

22.     The Note and Security Instrument provide that should Jefferson Carl Ward fail to make payments in the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

23.     Payments on the Modification Agreement have not been made and the Middletons have failed to comply with any and all of the covenants and conditions under the terms of the Security Instrument.   Notice of default and intent to accelerate was provided to Rebecca Middleton as Independent Executrix of the Estate of Jefferson Carl Ward, Rebecca Middleton, individually, and Robert Middleton.  The default has not been cured.  As the default has not been cured, all unpaid principal and accrued interest on the Note are due and payable at this time.

24.     Defendants the City of Midland, the County of Midland, the State of Texas, and A-1 Rapid Rooter Plumbing Services are judgment creditors that acquired their interest in the Property after Plaintiff recorded its interest.  They hold an inferior lien interest in the Propert and are named in this action *in rem.*

25.     BNYM files this current lawsuit as the current beneficiary of the deed of trust and owner of the home equity loan.

### IV.  CAUSE OF ACTION/JUDICIAL FORECLOSURE

26.     Plaintiff asserts a cause of action for judicial foreclosure against the City of Midland, the County of Midland, the State of Texas, and A-1 Rapid Rooter Plumbing Services. BNYM is the current beneficiary of the deed of trust and owner of the home equity loan.  BNYM has fully performed its obligations under the loan agreement, however, the Middletons have

failed to make the payments required under the Note, which constitutes an event of default thereunder.

27.     The Security Instrument permits BNYM to foreclose the Property should there be an event of default on the Note.  Accordingly, BNYM seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

28.     BNYM has been forced to hire the undersigned attorneys to pursue this claim; BNYM is therefore entitled to and seeks judgment against the Defendants for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Note and Security Instrument and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8).  BNYM seeks an award as a further obligation on the loan and not as a money judgment.

29.     All conditions precedent have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** BNYM prays that the Court declare that it may foreclose on the Property.  BNYM further asks to recover its attorney's fees and costs and that it be awarded as a further obligation on the loan and all other relief to which it is entitled.

Respectfully submitted,

By:   /s/ Philip W. Danaher
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **PHILIP W. DANAHER**
    Texas Bar No. 24078395
    pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2017, a true and correct copy of the foregoing was delivered to the following counsel of record via ECF Notification.

Wade Kricken
P.O. Box 59331
Dallas, Texas 75229
214-256-9288
214-593-3108 (Fax)

    /s/ Philip W. Danaher
    **PHILIP W. DANAHER**